Ruffin, Chief Justice,
 

 having stated the case as above, proceeded as follows. — This case presents a very different aspect from that which it wore when it was formerly before the Court. The plaintiff, after a long enjoyment of the estate contracted for by him, and while remaining in possession, then sought to enjoin the then defendant from enforcing, as assignee, the payment of a bond for one-half the purchase-money, and to recover back from him the other half which had been paid ; upon the sole ground that the defen
 
 *606
 
 dant had obliged himself by a collateral covenant, that the vendee James Dix, should extinguish an incumbrance on the premises, and should then convey within a limited period, and that such conveyance had not been made. That.is said to be the sole ground, because it appeared by the Master’s report that James Dix did discharge the incum-brance, and obtained a reconveyance of the legal title; and by the terms of the contract, the plaintiff was then to take the title of James Dix, such as it was. For the reasons then given, the Court refused the relief asked. The vendor, we thought, had a right to insist on the contract; and the plaintiff, under the circumstances, was obliged to accept a conveyance, if offered to him by those to whom the legal title came from the vendor; and those persons, we also thought, were compellable, at the instance of the plaintiff-, or of the original defendant, whether regarded as a surety for the vendor, or as assignee of the securities for the purchase-money, to make such a conveyance, upon a bill properly framed.
 

 As the bill has been amended, the object is to obtain a conveyance; and it is now, therefore, the common case of a vendor seeking a specific performance; to which the plaintiff" here is clearly entitled, upon the performance by himself of the contract on his part. One-half of the purchase-money, the sum of five hundred and twenty-five dollars, fell due on the 9th day of October, 1821, and with the interest subsequently accrued, remains unpaid and resting in the judgment which was enjoined in this suit. The payment of that sum and the interest, is necessarily preliminary to the relief asked. There cannot be a decree for a conveyance of the land, unless the plaintiff- has paid the purchase-money due at the time, or offers to pay it, •and brings it into Court. Although the defendants may be in default, so also is the plaintiff-, in the present state of the case; and the Court cannot move at the instance of «either party, until that party shall have exculpated himself. At law, the respective engagements of these parties may foe independent; but in this Court, the estate is always regarded, until an actual conveyance, as a security for the purchase-money, or such part of it as has fallen due. This
 
 *607
 
 must be especially true in our law, since the vendor, after conveying, has no lien against other creditors of the vendee. The defendants are therefore entitled to more than a dissolution of the injunction, before executing a deed, or before ■a decree against them to convey. The means possessed by this Court of securing the vendor in the price are more effectual, by requiring the payment prior to or at the hearing. Upon payment, the plaintiff purges his default and is in a condition to claim the relief. In strictness, the bill •might now be dismissed for the want of payment, or an offer of it. But owing to the peculiar circumstances tinder which the case has assumed its present shape, and seeing that the defendants have not moved to dismiss, but that one of them, who is chiefly interested, is desirous that the litigation should be terminated upon this proceeding, the Court declines dismissing the bill for the present, and, instead thereof orders the plaintiff to pay into Court within the first eight days of the next term, the half of the purchase-money remaining unpaid, with the interest thereon as above-mentioned, to the day of payment, and the costs of the suit at law, mentioned in the pleadings. Upon the payment being made, either party may then move for further directions, and it will be, of course, to decree the specific performance asked by the plaintiff, and wished by the original defendant. The money also may be detained in Court until the actual execution of the deeds, if necessary, under the circumstances to be shown, as a guarantee that the conveyances decreed shall in fact be executed, or an inducement t© diligence on the part of the defendants or either of them, in procuring their execution. But in the event of a continuing default in this respect on the part of the plaintiff, the Court can do nothing less at that time than dismiss his bill. That will leave the other party to enforce the judgment at law, or file their bill to raise the residue of the purchase-money by a sale of the estate itself; and, in case of the judgment being satisfied without a sale of the estate, the plaintiff will then be put to a new bill, having the same object with the present, but presenting the new fact of the payment of the whole purchase-money. It is with the view of avoiding such
 
 *608
 
 injurious delay and litigation, that the present course is adopted, of requiring the plaintiff to bring in the unpaid residue of the purchase-money, within a reasonable time, as before-mentioned; which is ordered accordingly.
 

 Pee Cukiam. Decree accordingly.